**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4863** |
| | : | |
| **PHILADELPHIA POLICE OFFICER** | : | |
| **JOHN DOE**, *et al.* | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

**GOLDBERG, J.**                                                    **APRIL 17, 2024**

Pro se Plaintiff Rafiyq Davis brings this civil action based on allegations that his vehicle was improperly stopped, towed, and impounded. Davis seeks to proceed in forma pauperis. For the following reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint in part with prejudice and in part without prejudice. Davis will be permitted an opportunity to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Davis names the following Defendants in his Complaint: (1) the City of Philadelphia; (2) the City of Philadelphia Police 24th District; (3) "Tow Company John Doe"; (4) the City of Philadelphia Parking Authority ("PPA"); (5) the Philadelphia Parking Authority Auction; (6) the Philadelphia Parking Authority Impound; (7) Philadelphia Police Officers John Doe and (8) John Doe #2; (9) Philadelphia Police Internal Affairs; and (10) the Pennsylvania Department of

---

[1] The factual allegations are from Davis's Complaint. (Compl., ECF No. 2.) Page numbers refer to those supplied by the CM/ECF docketing system.

Transportation.[2] (Compl. at 4.) Davis's handwritten allegations are brief and confined to one page of his Complaint. (See id. at 4.) He alleges that Philadelphia Police Officers initiated a traffic stop and called a "tow company/truck" to tow Davis's grey Oldsmobile Alero even though Davis presented them the title for the vehicle, a "self liability card," and an identification card. (Id.) The officers allegedly instructed Davis to get out of the car and then searched his car and his pockets. (Id.) Davis states that he received "fines and traffic citations," however, it is not clear from the facts whether he received these in conjunction with the traffic stop. (Id.) Davis's vehicle was impounded and subsequently sold at the "City of Philadelphia car auction." (Id.) Davis filed a complaint with the Philadelphia Police Internal affairs, who in turn, "did not do a proper investigation." (Id.) Davis alleges that the stop, search, impoundment, and sale of his car violated his Fourth and Fifth Amendment rights, as well as his right to travel and his "United States rights." (Id.) Based on these allegations, Davis seeks money damages. (Id.)

## II.    STANDARD OF REVIEW

I will grant Davis leave to proceed in forma pauperis because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that I dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains

---

[2] Davis names the PPA as well as "Tow Company," the Philadelphia Parking Authority Auction, and the Philadelphia Parking Authority Impound. As towing vehicles involved in traffic violations, as well as impounding them and auctioning them are functions of the PPA and not managed by separate entities (see https://philapark.org/about-ppa/ (last viewed Apr. 15, 2024)), I will treat Davis's claims as asserted against the PPA and dismiss "Tow Company," Philadelphia Parking Authority Auction, and Philadelphia Parking Authority Impound as duplicative.

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the
litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all
reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally
construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12
F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)).
Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. As Davis is proceeding pro se, I
construe his allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v.
Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

I understand Davis to assert constitutional claims against Defendants pursuant to § 1983,
the vehicle by which federal constitutional claims may be brought in federal court. "To state a
claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and
laws of the United States, and must show that the alleged deprivation was committed by a person
acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In a § 1983 action, the
personal involvement of each defendant in the alleged constitutional violation is a required
element, and, therefore, a plaintiff must allege how each defendant was involved in the events and
occurrences giving rise to the claims. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.
1998). As set forth below, Davis has failed to state a § 1983 claim against any Defendant.

### A.   Claims against the Pennsylvania Department of Transportation

Davis names the Pennsylvania Department of Transportation as a Defendant. However, the
Commonwealth of Pennsylvania, including its departments, is not considered a "person" who may
be liable under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989).

3

Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, id., and the Commonwealth of Pennsylvania has not waived that immunity for claims under § 1983. See 42 Pa. Cons. Stat. § 8521(b). The Department of Transportation, as a department of the Commonwealth, shares in the Commonwealth's immunity and is not a "person" for purposes of § 1983. Warner v. Pennsylvania, 569 F. App'x 70, 72 (3d Cir. 2014) (per curiam) ("[T]he District Court properly determined that the Commonwealth of Pennsylvania and the Pennsylvania Department of Transportation were immune from Warner's suit."). Accordingly, Davis's claims against the Pennsylvania Department of Transportation must be dismissed with prejudice because those claims are not viable.

**B.      Claims against the Philadelphia Police Department 24th District and the Philadelphia Police Internal Affairs Division**

Davis also asserts claims against the Philadelphia Police Department 24th District and against the Department's Internal Affairs Division. Agencies of the City of Philadelphia and their departments, such as the Philadelphia Police Department 24th District and its Internal Affairs Division, do not have a separate legal existence from the City. See Vurimindi v. City of Philadelphia, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010). Accordingly, I will dismiss the Philadelphia Police Department 24th District and the Philadelphia Internal Affairs Division from these case because these entities are duplicative of the City of Philadelphia.

**C.      Claims against the City of Philadelphia and the PPA and Official Capacity Claims**

Davis also names the City of Philadelphia and PPA as Defendants. However all claims against these Defendants must also be dismissed. Nothing in the Complaint suggests that Davis's alleged constitutional harm resulted from a Philadelphia or PPA policy or custom. See Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal

liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); King v. Philadelphia Parking Auth., 97 F. Supp. 3d 649, 653-57 (E.D. Pa. 2015) (analyzing claims against the PPA as municipal liability claims under Monell), aff'd sub nom. King v. City of Philadelphia, 654 F. App'x 107 (3d Cir. 2016); Sorrells v. Philadelphia Police Dep't, 652 F. App'x 81, 83 (3d Cir. 2016) (per curiam) (affirming dismissal of claims and noting that "even construing [the plaintiff's] complaint as against the City of Philadelphia, Sorrells did not plead that any municipal policy, custom, or practice led to the purported constitutional violations at issue, as a viable municipal liability claim requires."). Accordingly, all claims against the City of Philadelphia and PPA will be dismissed.

For similar reasons, all official capacity claims must be dismissed. Davis appears to name each Defendant in both their individual and official capacities. (See Compl. at 2.) Claims against government employees named in their official capacity are just a synonym for claims against the governmental entity that employs the Defendants. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting Monell, 436 U.S. at 690, n.55). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. Davis does not appear to allege any official capacity claims against any Defendant as he does not allege that a municipal policy or custom caused the constitutional violations alleged in the Complaint. See Monell, 436 U.S. at 694. Accordingly, all official capacity claims will be dismissed as duplicative of Davis's claims against the City and PPA.

### D.   Claims against Philadelphia Police Officers John Doe and John Doe #2

Davis names two John Doe Philadelphia Police Officers as Defendants. He alleges that the John Doe Officers initiated a traffic stop "for non-traffic stop reasons," searched Davis and his

vehicle, and called a tow company to tow his vehicle. (Id.) He asserts claims under the Fourth and Fifth Amendments, as well as claims based on his right to travel.[3]

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The temporary detention of an individual during a traffic stop is a "seizure" of "persons" under the Fourth Amendment. Whren v. United States, 517 U.S. 806, 809-10 (1996). Where police have directly witnessed a traffic violation, a traffic stop is a reasonable seizure under the Fourth Amendment. See United States v. Moorefield, 111 F.3d 10, 12 (3d Cir. 1997) ("[A] traffic stop is lawful under the Fourth Amendment where a police officer observes a violation of the state traffic regulations."); see also Kansas v. Glover, 140 S. Ct. 1183, 1191 (2020) (traffic stop was lawful

---

[3] It is not entirely clear when the events occurred that give rise to Davis's lawsuit. Davis states in his handwritten Complaint that he was pulled over by Philadelphia police officers on "01/03/201." (See Compl. at 4.) Davis's claims asserted under § 1983 are subject to a two-year statute of limitations. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); see also Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief." Dique, 603 F.3d at 185 (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which his action is based." Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); see also Montanez v. Sec'y Pennsylvania Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014). This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005). Davis filed this case on December 7, 2023 and appears to allege that the events giving rise to his claims took place on January 3, 2021, but this handwritten date is not clear. (See Compl. at 4.) If the events did take place on January 3, 2021 (or any time prior to that) his claims would be barred by the two-year statute of limitations. In addition, there are no allegations in the Complaint that would support equitable tolling. See Lloyd v. Ocean Twp. Counsel, 857 F. App'x 61, 64 (3d Cir. 2021) (per curiam) ("Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum."). If Davis chooses to file an Amended Complaint, he must state when the events took place that give rise to his claims.

where "[u]nder the totality of the circumstances of this case, Deputy Mehrer drew an entirely reasonable inference that Glover was driving while his license was revoked"). "A seizure for a traffic violation justifies a police investigation of that violation." Rodriguez v. United States, 575 U.S. 348, 354 (2015). "[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop, and attend to related safety concerns." Id. (internal citations omitted). "Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." Id. at 355; see also 75 Pa. Cons. Stat. § 6308(b). "These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly." Rodriguez, 575 U.S. at 355. The length of any additional investigation and detention after a traffic stop, including subsequent searches of the passengers, must be supported by reasonable suspicion based on the facts and circumstances confronting the officer. United States v. Hurtt, 31 F.4th 152, 159 (3d Cir. 2022).

Davis has not provided sufficient allegations to support a plausible inference that his Fourth Amendment rights were violated. He vaguely alleges that the John Doe Officers initiated a traffic stop for "non-traffic stop reasons" but does not provide any context about what those non-traffic stop reasons were, including whether he had committed any traffic violations. He also vaguely alleges that he received fines and citations but does not state the reasons for the fines and citations and whether they related in any way to the initial stop. Davis also does not allege sufficient facts about the officers' subsequent detention and search, including how long they took, and the circumstances giving rise to the search of his vehicle and pockets. Without additional factual allegations, it is impossible to assess whether the officers were justified in their initial traffic stop

and whether any extension of the initial stop was justified by reasonable suspicion, particularly because Davis alleges that he provided the officers with a "self liability card" rather than proof of automobile insurance, and an "identification card" rather than a driver's license. (Compl. at 4.) Thus, any claim Davis intends to assert based on the officers' alleged violation of his Fourth Amendment rights is undeveloped and must be dismissed. See, e.g., Medina v. Aprile, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." (citation omitted)).

The basis of Davis's Fifth Amendment claim is not clear. To the extent he asserts a due process claim based on the impoundment of his vehicle, "the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials," so there is no basis for a Fifth Amendment claim. Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam); see also Hall v. Nisbit, No. 21-2139, 2022 WL 910339, at *2 (3d Cir. Mar. 29, 2022) (per curiam) ("The Fifth Amendment Due Process Clause applies to federal officials, and none of the Appellees are.") (citing Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983)). To the extent he intended to assert a Fifth Amendment takings clause violation based on the impoundment, the claim must also be dismissed. "The Takings Clause of the Fifth Amendment provides that 'private property shall not be taken for public use, without just compensation.'" Nat'l Amusements Inc. v. Borough of Palmyra, 716 F.3d 57, 63 (3d Cir. 2013) (quoting U.S. Const. amend. V); see also Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 2170 (2019). Nothing in Davis's Complaint suggests that his car was taken for a public purpose. See Tate v. D.C., 627 F.3d 904, 909 (D.C. Cir. 2010) (dismissing Fifth Amendment takings claim

based on the impoundment and subsequent sale of vehicle). Accordingly, Davis's Fifth Amendment claims will be dismissed.

To the extent Davis's citation to the Fifth Amendment could be construed as his attempt to assert a due process claim under the Fourteenth Amendment, the claim is also underdeveloped. The due process clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." King, 654 F. App'x at 111 (quoting Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006)). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (cleaned up); see also Kadakia v. Rutgers, 633 F. App'x 83, 88 (3d Cir. 2015) ("The essence of a procedural due process claim, of course, is notice and an opportunity to be heard."). Davis does not allege any facts about the circumstances leading up to the impoundment of his vehicle, including whether he was provided any process (i.e., notice or a hearing). See Jones v. Philadelphia Parking Auth., No. 11-4699, 2013 WL 12156078, at *1 n.1 (E.D. Pa. Mar. 27, 2013) ("To the extent that Mr. Jones is bringing a due process claim, his complaint fails to allege that he did not receive 'timely notice and a hearing regarding these seizures and sales.").[4] Accordingly, any Fourteenth Amendment due process claim will be dismissed.

---

[4] Davis does not allege the reasons for the impoundment of his vehicle during the traffic stop. However, to the extent that it was based on a suspended driver's license or registration, then the impoundment was authorized by statute. See 75 Pa. Cons. Stat. § 6309.2 (stating that when a

Finally, Davis's claim that his right to travel was violated must also be dismissed. The United States Supreme Court has explained that the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." Saenz v. Roe, 526 U.S. 489, 500 (1999). However, the existence of "a constitutional right to travel . . . does not restrict the State from regulating the use of its roads as a matter of its police powers." Knox v. Pcobasco, No. 86-cv-2367, 1986 WL 6310, at *1 (E.D. Pa. June 4, 1986) (citing United States v. Guest, 383 U.S. 745, 759 n.17 (1966)); see also Carroll v. City of Philadelphia, No. 87-cv-0592, 1989 WL 114721, at *4 (E.D. Pa. Sept. 29, 1989), aff'd, 908 F.2d 961 (3d Cir. 1990) ("It is well established that the police powers constitutionally permit regulation of vehicles traveling the public roadways."). Nothing in Davis's Complaint plausibly suggests that his right to interstate travel was implicated. See Aikens v. New Castle County Police Dep't, No. 21-cv-350, 2021 WL 5051145, at *4 (D. Del. Nov. 1, 2021) (dismissing with prejudice right to travel claim when plaintiff was detained for 30 minutes while receiving a traffic ticket because allegations did not suggest infringement on interstate travel).[5]

---

law enforcement officer verifies that a person is operating a motor vehicle without a valid registration or while his operative privilege is suspended or revoked, "the law enforcement officer shall immobilize the vehicle or combination or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storage agent . . ." ).

[5] Although Davis does not allege the reason for the impoundment of his vehicle, to the extent it was based on traffic or parking violations, the impoundment would not rise to the level of a violation of the right to travel. See e.g., El v. New Jersey, No. 13-cv-1431, 2013 WL 1163495, at *2 (D.N.J. Mar. 19, 2013) (dismissal on screening of 1983 claim for violation of right to travel where claim was based on being ticketed for driving with a suspended license); Murphy v. Koster, No. 10-cv-2095, 2010 WL 5147215, at *5 (N.D. Ohio Dec. 13, 2010) (rejecting claim that plaintiff's right to travel was violated by defendants "continually issuing traffic citations" and impounding his vehicle); McCain v. Stockton Police Dept., No. 10-3170, 2011 WL 4710696, *5 (E.D. Cal. 2011) ("To the extent plaintiff contends that her fundamental right to interstate travel is

### E.      Claims Against Tow Company John Doe

Davis also names "Tow Company John Doe" as a Defendant. It is unclear whether Davis is alleging that the Philadelphia Police, the PPA, or a private tow company towed his vehicle. In any case, Davis's claims against Tow Company John Doe are underdeveloped and must be dismissed. Davis alleges that Tow Company John Doe towed his vehicle "for non towable reasons" after being called by the John Doe Officers during the traffic stop. (Compl. at 4.) Aside from towing his vehicle at the direction of the police officers, Tow Company John Doe is not alleged to otherwise be involved in the events giving rise to Davis's claims. It is not clear what claim Davis alleges based on the towing of his vehicle. As noted above, there is no basis for a Fourteenth Amendment due process claim because Davis does not allege how the procedures available to him with respect to his vehicle were inadequate or otherwise deprived him of due process. Nor can I discern any other plausible federal claim against Tow Company John Doe based on the facts alleged. Accordingly, the claims asserted against Tow Company John Doe will be dismissed.

## IV.      CONCLUSION

For the foregoing reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint in part with prejudice and in part without prejudice. The following claims will be dismissed with prejudice: Davis's claims against the Pennsylvania Department of Transportation, the City of Philadelphia Police 24th District, and Philadelphia Police Internal Affairs; all official capacity claims; all claims asserted under the Fifth Amendment; and all claims based on an alleged violation of the right to travel. Leave to amend these claims will not be given as any attempt to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110 (3d Cir.

---

violated by impoundment of her Vehicle or state requirements that she register the Vehicle and possess a valid driver's license, that claim fails as a matter of law."), aff'd, 695 F. App'x 314 (9th Cir. 2017).

2002). The balance of Davis's individual capacity claims against Philadelphia Police Officer John Doe, Philadelphia Police Officer John Doe #2, and Tow Company John Doe will be dismissed without prejudice. Davis will be provided an opportunity to amend his claims against these Defendants in the event he cure the defects the Court has noted. An appropriate Order follows, which provides further instruction on amending his claims.