IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAFIYQ DAVIS,** : | |
|     Plaintiff, : | |
| : | |
|     v. : | **CIVIL ACTION NO. 23-CV-4863** |
| : | |
| **PHILADELPHIA POLICE OFFICER** : | |
| **JOHN DOE,** *et al.* : | |
|     Defendants. : | |

<u>**MEMORANDUM OPINION**</u>

**GOLDBERG, J.**                                                                                          **July 15, 2024**

Plaintiff Rafiyq Davis initiated this pro se civil action based on allegations that his vehicle was improperly stopped, towed, and impounded. Davis's initial Complaint was dismissed in part with prejudice and in part without prejudice. See <u>Davis v. Doe</u>, No. 23-4863, 2024 WL 1660542, at *5 (E.D. Pa. Apr. 17, 2024). Davis returned with this Amended Complaint. For the following reasons, I will dismiss Davis's Amended Complaint with prejudice.

**I.      FACTUAL ALLEGATIONS**

In his initial Complaint, Davis named the following Defendants: (1) the City of Philadelphia; (2) the City of Philadelphia Police 24th District; (3) "Tow Company John Doe"; (4) the City of Philadelphia Parking Authority ("PPA"); (5) the Philadelphia Parking Authority Auction; (6) the Philadelphia Parking Authority Impound; (7) Philadelphia Police Officers John Doe and (8) John Doe #2; (9) Philadelphia Police Internal Affairs; and (10) the Pennsylvania Department of Transportation. (Compl. at 4, ECF No. 2.)[1] Davis alleged in his Complaint that Philadelphia Police Officers initiated a traffic stop and called a tow truck to tow his grey

---

[1] Page numbers refer to those supplied by the CM/ECF docketing system.

Oldsmobile Alero even though Davis presented them the title for the vehicle, a "self liability card," and an identification card. (Id.) The officers searched his vehicle, issued traffic citations and fines, impounded the vehicle, and had it sold at an auction. (Id.) Based on these allegations, Davis asserted claims under the Fourth and Fifth Amendments, and a constitutional claim based on an alleged right to travel. (Id.)

In my April 17, 2024 Memorandum, I dismissed Davis's claims against the Pennsylvania Department of Transportation with prejudice because, as a department of the Commonwealth of Pennsylvania, it is not considered a "person" who may be liable under § 1983 and is otherwise immune from suit under the Eleventh Amendment. See Davis, 2024 WL 1660542, at *2. I also dismissed with prejudice Davis's claims against the Philadelphia Police Department and the Police Internal Affairs Division as duplicative of his claims against the City of Philadelphia because the police department and the Internal Affairs Division do not have a separate legal existence from the City. Id. I further dismissed all claims against the City of Philadelphia and PPA, and all official capacity claims asserted against Defendants without prejudice, because nothing in the Complaint suggested that Davis's harm resulted from a City or PPA custom or policy. Id. at *2-3. I also dismissed with prejudice all Fifth Amendment claims and all claims based on the right to travel. Id. at *4-5. The remaining claims were dismissed without prejudice. For example, I dismissed all Fourth Amendment claims Davis asserted against the John Doe Police Officers without prejudice because Davis failed to provide sufficient allegations about the traffic stop, detention, and search to assess whether a plausible Fourth Amendment claim was alleged. Id. at *4. I further dismissed as undeveloped all due process claims under the Fourteenth Amendment and all claims against "Tow Company John Doe." Id. at *4-5. I permitted Davis to amend the claims that were dismissed without prejudice if he could allege additional facts to cure the defects of the claims. Id. at *5.

Davis returned with an Amended Complaint that does not add much to his claims as alleged in his initial Complaint. In the Amended Complaint, Davis names the following Defendants: (1) Philadelphia Police Officer John Doe #1; (2) Philadelphia Police Officer John Doe #2; (3) Philadelphia Police Commissioner Kevin Bethel; (4) Philadelphia Police Vehicle Impound Lot; (5) Philadelphia Parking Authority Towed Vehicle Lot; (6) the Pennsylvania Department of Transportation; (7) the Philadelphia Police Tow Squad; (8) the City of Philadelphia; and (9) Philadelphia Police District #24.[2] (Am. Compl. at 1-2.)

Davis alleges that in March of 2018, the John Doe Police Officers stopped him while he was driving his grey Oldsmobile. (Id. at 3.) The officers asked Davis for his driver's license and registration. (Id.) Davis presented the officers his "state identification card," "proof of registration, and proof of accident liability." (Id.) Davis states that the officers then searched him, including his pockets, and searched his vehicle, both without Davis's consent or probable cause. (Id.) The officers then allegedly "called a tow truck and stole [his] vehicle." (Id.) Davis reported to various authorities that his vehicle was stolen. (Id.) Davis's vehicle was later sold at an auction. (Id. at 4.) Davis alleges that he was stopped "for improper reasons" because he committed no traffic violation. (Id.) Davis also alleges that the tow and impound of his vehicle was "illegal." (Id.) Davis received fines and tickets as a result of the traffic stop. (Id.)

---

[2] I previously dismissed with prejudice all claims against the Department of Transportation and Philadelphia Police Department 24th District, see Davis, 2024 WL 1660542, at *2, and will therefore not address claims asserted against these Defendants in the Amended Complaint. In addition, Davis again names the Philadelphia Police Vehicle Impound Lot and the Philadelphia Parking Authority Towed Vehicle Lot. (Am. Compl. at 2.) He also names the "Philadelphia Police Tow Squad" in the Amended Complaint. (Id.) As I explained in my April 17th Memorandum, "towing vehicles involved in traffic violations, as well as impounding them are functions of the PPA and not managed by separate entities." See Davis, 2024 WL 1660542, at *1 n.2 (citing https://philapark.org/about-ppa/ (last viewed June 21, 2024)). Thus, I will construe Davis's claims asserted against the Philadelphia Parking Authority Auction, the Philadelphia Parking Authority Impound, and the Philadelphia Police Tow Squad as asserted against the PPA.

Based on these allegations, Davis asserts Fourth Amendment claims for illegal stop, illegal search, and illegal seizure. (Id. at 5.) He also asserts claims for "illegal impoundment," "illegal selling and auctioning of [his] car," and "illegal towing." (Id.) For relief, he seeks money damages and that Defendants be sanctioned. (Id. at 8.)

## II.   STANDARD OF REVIEW

As Davis is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678.

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017); Whitenight v. Cmwlth. of Pa. State Police, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam) ("When screening a complaint under § 1915, a district court may sua sponte dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."

4

(citations omitted)). As Davis is proceeding pro se, I construe his allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

The Court understands Davis to assert constitutional claims against Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998). As set forth below, Davis has failed to allege a plausible § 1983 claim.

#### A. Claims against Philadelphia Police Officers John Doe #1 and John Doe #2

Davis's Amended Complaint centers on a vehicle stop and subsequent search and impoundment of his vehicle by Philadelphia Police Officers John Doe #1 and John Doe #2. Davis alleges that in March of 2018, the John Doe Police Officers stopped him while he was driving, asked him for his driver's license and registration, searched him, and searched his vehicle, all without justification or probable cause. The John Doe Police Officers also allegedly called a tow truck to have his vehicle towed.

Davis's Fourth Amendment claims against the John Doe Police Officers are time barred. A complaint is subject to dismissal on statute of limitations grounds when the limitations defense

is "apparent on the face of the complaint." See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Davis's constitutional claims asserted under § 1983 are subject to a two-year statute of limitations. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); see also Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief." Dique, 603 F.3d at 185 (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [the] action is based." Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); see also Montanez v. Sec'y Pennsylvania Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014).

Based on the allegations in the Amended Complaint, Davis knew of any possible constitutional injury at the time he was stopped, detained, searched, and had his vehicle searched and towed. See, e.g., Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); Ojo v. Luong, 709 F. App'x 113, 116 (3d Cir. 2017) (per curiam) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time."); Dabish v. McMahon, 818 F. App'x 423, 428 (6th Cir. 2020) (concluding that § 1983 claims based on the tow and impoundment of a vehicle accrued at the time of the tow and impounding). Davis states that the alleged illegal searches, detention, and tow by the John Doe Police Officers took place in March of 2018. Davis did not file this civil action until December 2023, more than five years after the claims accrued. Therefore, Davis's claims against the John

Doe Police Officers are barred by the applicable two-year statute of limitations. Moreover, there are no allegations in the Complaint that would support a basis for equitable tolling of the claims. See Lloyd v. Ocean Twp. Counsel, 857 F. App'x 61, 64 (3d Cir. 2021) (per curiam). Accordingly, all claims against Philadelphia Police Officers John Doe #1 and John Doe #2 will be dismissed.

### B.     Claims against Police Commissioner Bethel

Davis has also not stated any basis for a claim against Philadelphia Police Commissioner Kevin Bethel. As noted above, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. See Rode, 845 F.2d at 1207. "Suits against high-level government officials must satisfy the general requirements for supervisory liability." Wharton v. Danberg, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), reversed on other grounds by Taylor v. Barkes, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." Id. (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). A supervisor may also "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Id. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207.

7

Apart from naming Commissioner Bethel as a Defendant in the Amended Complaint, Davis alleges no facts about him. It is therefore unclear whether any claims against Commissioner Bethel are also barred by the two-year statute of limitations. To the extent Davis asserts any claim against Commissioner Bethel that is not time barred, Davis has not sufficiently explained what Commissioner Bethel did or did not do with respect to his alleged constitutional harm. It appears that Commissioner Bethel is named as a Defendant simply because he is in charge of the Philadelphia Police Department. However, Commissioner Bethel's position alone is an insufficient basis for liability. See, e.g., Saisi v. Murray, 822 F. App'x 47, 48 (3d Cir. 2020) (per curiam) (noting that generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or agency are insufficient to allege personal involvement in an underlying constitutional violation); Ogrod v. City of Philadelphia, 598 F. Supp. 3d 253, 274 (E.D. Pa. 2022) (finding plaintiff, who only alleged that supervisor-defendant was a Lieutenant in the Special Investigations Unit and that other defendants reported to him, failed to support a plausible claim for supervisory liability); Zigler v. Warren, No. 21-19474, 2022 WL 903383, at *2 (D.N.J. Mar. 28, 2022) ("In simpler terms, a supervisor is not liable for the unconstitutional conduct of his employees solely because he is a supervisor."). Accordingly, all claims against Commissioner Bethel will also be dismissed.

        **C.    Claims against City of Philadelphia and PPA**

Davis renames the City of Philadelphia as a Defendant. And, although he does not rename the PPA, his claims asserted against the Philadelphia Parking Authority Auction, the Philadelphia Parking Authority Impound, and the Philadelphia Police Tow Squad are essentially claims against the PPA because towing and impounding vehicles are functions of the PPA. See supra at § I, n.2. Davis has again not stated a plausible claim against the City of Philadelphia or the PPA. Nothing

in the Amended Complaint suggests that Davis's alleged constitutional harm resulted from a Philadelphia or PPA policy or custom. See Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); King v. Philadelphia Parking Auth., 97 F. Supp. 3d 649, 653-57 (E.D. Pa. 2015) (analyzing claims against the PPA as municipal liability claims under Monell), aff'd sub nom. King v. City of Philadelphia, 654 F. App'x 107 (3d Cir. 2016); Sorrells v. Philadelphia Police Dep't, 652 F. App'x 81, 83 (3d Cir. 2016) (per curiam) (affirming dismissal of claims and noting that "even construing [the plaintiff's] complaint as against the City of Philadelphia, Sorrells did not plead that any municipal policy, custom, or practice led to the purported constitutional violations at issue, as a viable municipal liability claim requires."). Accordingly, all claims against the City of Philadelphia and PPA will also be dismissed.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will dismiss Davis's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As Davis has already been given an opportunity to cure the defects in his claims and has been unable to do so, I conclude that further amendment would be futile. See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). Accordingly, Davis's Amended Complaint will be dismissed with prejudice. An appropriate Order follows.